HEARD NOVEMBER TERM, 1875.

## RYAN *vs.* PETTIGREW.

In an action by the grantee of purchasers at Sheriff's sale, against the defendant in execution, to recover the possession of the land purchased, the defendant cannot avail himself, as a defense to the action, of a return made by appraisers appointed for the purpose, assigning the land to defendant as his homestead, where it appeared that the assignment had not been returned "for record in Court," as the law required, and there was even no evidence that the plaintiffs in execution, who were the purchasers at Sheriff's sale, had notice that the assignment had been made.

An assignment of a homestead does not of itself, under the Act of 1868, exempt the property from sale. To have that effect, it must be returned to and made a record of the Court.

BEFORE TOWNSEND, J., AT DARLINGTON, FEBRUARY, 1875.

Action by W. K. Ryan, plaintiff, against W. B. Pettigrew, defendant, to recover the possession of a tract of 162 acres of land, on which defendant resided, lying in Darlington County.

The defense alleged in the answer was that the plaintiff purchased the land under an agreement by which he was to hold it as a homestead for the use and benefit of the defendant.

At the trial the plaintiff gave evidence tending to show that on the 25th March, 1868, the defendant gave to Mowry & Son his promissory note for $1,566.71, payable on demand, and on the same day confessed judgment to them on the note; that the judgment was entered 2d April, 1868; that *fi. fa.* was issued to enforce the judgment; that on the 5th December, 1870, the Sheriff of Darlington County levied the execution on the defendant's "half interest in 1,400 acres of land lying, &c., in the County of Darlington, bounded," &c.; that on the 2d January, 1871, the defendant endorsed on the execution a waiver, in favor of the plaintiffs therein, of his "homestead exemption in his real estate," and on the same day the Sheriff sold the land and Mowry & Son became the purchasers at the price of $730; that on the 3d April, 1871, the Sheriff conveyed to the purchasers "all that tract of land situated, &c., in Darlington County, containing 1,400 acres, more or less, bounded," &c.; and that on the 3d July, 1871, Mowry & Son, in consideration of $3,204, conveyed the same land and a lot in the town of Florence to the plaintiff.

It further appeared that on the 25th January, 1868, a bill in equity was filed for partition of the aforesaid tract of land and other lands between the children and heirs of Martha L. Pettigrew,

deceased, of whom the defendant was one; that Commissioners were appointed to make the partition, who, on the 25th March, 1871, made a return to the writ stating that they had divided the tract of land on which the defendant resided between the defendant and Mrs. Tillman, and had allotted to the defendant "the portion including the buildings thereon." On the 27th June, 1871, the return was confirmed and made the judgment of the Court. It was admitted that 162 acres, the subject matter of this action, was part of the land allotted to the defendant.

On behalf of defendant, evidence was given tending to show that on the 21st December, 1870, the Sheriff of Darlington County issued a commission directed to three appraisers, one to act on the part of the defendant in execution, W. B. Pettigrew, one other to act on the part of the plaintiffs in execution, Mowry & Son, and the other to act on the part of the Sheriff, commanding them to set off to the defendant by metes and bounds a homestead in the said tract of 1,400 acres of land; that on the 27th December, 1870, the appraisers certified that they had assigned to the defendant, as his homestead, by metes and bounds, 167½ acres, parcel of said tract of land, and that the homestead thus assigned was the tract of land which was the subject matter of this action.

The certificate or return of the appraisers was not returned "for record in Court," nor was there any evidence that either Mowry & Son or the plaintiff in this action ever had notice of it until it was produced at the trial.

For the plaintiff it was contended that the return of the appraisers could not avail the defendant as a defense to the action : (1) Because it was not recorded in Court as the law directed; (2) because, at the time of the levy, assignment and sale, the defendant was not owner in severalty of the land, but only part owner as tenant in common; (3) because defendant had waived his right of homestead exemption; and (4) because the debt to Mowry & Son was contracted and the judgment thereon recovered before the Constitution of 1868 was adopted.

His Honor the presiding Judge overruled all the plaintiff's objections to the return, at the same time instructing the jury that "the homestead is good and valid." The plaintiff excepted to His Honor's rulings.

The verdict was for the defendant, and, judgment being entered thereon, the plaintiff appealed.

*Ward, Spain,* for appellant.

*Warley & Dargan,* contra.

April 5, 1876.   The opinion of the Court was delivered by

MOSES, C. J.   The action was for the recovery and surrender of one hundred and sixty-two acres of land, the title to which appellant derived from L. D. Mowry & Son, who, on the first day of January, 1871, had purchased the premises at Sheriff's sale, under an execution on a judgment entered 2d April, 1868.   The respondent claims that by virtue of his right as the head of a family he held a homestead in the land, duly assigned to him according to law; that it was not liable to levy and sale, and that the appellant, by his alleged purchase, had acquired no title.   This right is resisted on various grounds set out in the brief, and which will be noticed without regard to the order in which they were presented.

It is not necessary to discuss and decide the abstract proposition submitted by the appellant, which denies to one the right of homestead in property held in common with another.   Whether the Constitution and the laws which have been passed in regard to the right conferred by that instrument confine it only to property of the prescribed value in which the applicant holds a sole and absolute estate, is not material in this case.   If the appellant had an interest in common with his sister in the land at the time of the assignment of the homestead, the subsequent partition and setting apart to him of the very portion in which the homestead was situated gave, by operation of law, a right in severalty to the same extent as if he alone had held it before such assignment.   The right of the case must be determined by the solution of the material question which it involves.   At the time of action brought, or even at the moment of trial, had the respondent acquired any right of homestead in the land, the subject of the suit?   Was there conferred by law such an interest in the premises as protected them from sale under the judgment and execution of the said L. D. Mowry & Son?   Ryan, the appellant, represents the purchaser at said sale, and is entitled to every benefit which Mowry & Son might have claimed had they retained the premises and been plaintiffs in the present action.

The Constitution (Article II, Section 32,) exempts the family homestead to the value of one thousand dollars from attachment, levy or sale on any mesne or final process issued from any Court, and makes it "the duty of the General Assembly," at their first session, "to enforce the provisions of the Section by suitable legislation." The Act of 1868 (14 Stat., 19,) was passed by the Legislature in conformity with this requisition, and it prescribes the mode and manner by which the beneficent provision of the Constitution was to be secured. It requires the assignment to be made by three appraisers, one to be appointed by the creditors, one by the defendant in the execution, and the third by the Sheriff. The assignment is to be returned by the officer with the process " for record in Court, and if no complaint shall be made by either party no further proceedings shall be had against the homestead." No return has, in fact, yet been made to the Court as contemplated by the Act; and, indeed, so far as appears from the brief, the appellant had no notice of it until it was offered in evidence on the trial; nor was there any proof that his grantors, L. D. Mowry & Son, ever knew that any assignment had been made. So far from any testimony to show that it had been on file in the office of the Clerk of the Court, it appears to be conceded that from the possession of the appraisers it went into that of the party, and there remained until by him exhibited at the trial for his own protection. With every disposition to carry out, in the liberal spirit which actuated the framers of the Constitution, this humane interposition for the benefit of the families of unfortunate debtors, we are stopped at the very threshold by the question: Has there ever been here such a return as was intended by the Act of 1868 " to determine and perpetuate the homestead," the only one in force at the date of these transactions? How could Mowry & Son be held bound by the return, or said to have given effect to it by not complaining, when it was never filed, and there was nothing " in the record of the Court " against which they could aver?

This is the general view which must be taken of the case under the Act of 1868. Regarded in a more limited aspect, the principle which must regulate the point now under discussion leads but to one conclusion: The debt of Mowry & Son was contracted before the adoption of the Constitution of 1868. Has there been any judgment, in respect to this right of homestead exemption, in which Mowry & Son can be held so to have acquiesced as to deprive them-

selves of their rights under the Constitution of the United States to control its validity ? That as to debts contracted before the Constitution of 1868 the homestead provision cannot apply, has been decided in respect to a question raised under the Constitution of a sister State, by the Supreme Court of the United States, and this Court, as in duty bound, has given effect to it in the case of *Cochran* vs. *Darcy*, 5 S. C., 125. A party may lose the benefit of a protection afforded by a constitutional provision if he refrain from interposing it as a bar to a recovery sought against him, and after judgment may be precluded from then resorting to it for the purpose of then redeeming a right thus lost. But to bar him there must be a previous judgment on the very issue. Here, so far from there having been judgment, the return was never made to the Court, and if Mowry & Son had any notice, it was not of the return, against which they might have complained, but of the mere claim of the respondent to a homestead, which they could not meet and resist, until asserted as a right through some judicial proceeding, or interposed, as it now is, to bar the recovery of the premises by force, not of the claim, but of the right.

We think there was error in the charge of the presiding Judge, "that the homestead is good and valid," and the motion for a new trial is granted.

*Willard*, A. J., and *Wright*, A. J., concurred.